Hon. Henry J. Holley Corporation Counsel, Port Jervis
You have asked whether the Second Class Cities Law applies to the City of Port Jervis, which has a 1980 population of 8,680.
Section 4 of the Second Class Cities Law provides:
 "A provision of this chapter shall apply, according to its term, only to a city of the state which on the thirty-first day of December, nineteen hundred and twenty-three was a city of the second class, * * *."
(The balance of the section authorizes a city by local law to supersede any provision of the chapter.) On December 31, 1923, a city was a city of the second class if its population according to the 1920 Federal Census was at least 50,000 but less than 175,000. (See Appendix to this opinion.) The population of Port Jervis according to the 1920 Federal Census was 10,171. Port Jervis is not a second class city. (One city in New York, White Plains, reached a population of 50,000 according to the 1960 Federal Census. That does not make White Plains a second class city subject to the Second Class Cities Law. White Plains became, for practical but not legal purposes, a city of the second class.)
Over 30 years ago, Professor Ralph D. Semerad of the Albany Law School prepared a study, "The Definition and Classification of Cities", for the State Law Revision Commission. As an appendix to this opinion we reproduce the portion of the study that explains the cut-off date of December 31, 1923. (The complete study can be found in New York State Legislative Documents, 171st Session, 1948, Vol. 10, No. 65. The study also appeared in the 1951 edition of McKinney's General City Law.)
 APPENDIX to Informal Opinion No. 81-63 "In the New York State Constitution of 1894, Article 12, section 1 stated that it should be the duty of the legislature to provide for the organization of cities. Section 2 of the same article provided that all cities should be classified by population according to the latest state enumeration, as from time to time made. Cities of the first class included all those with a population of 250,000 or more; the second class, all cities having a population of 50,000 but less than 250,000; the third class, all other cities. The purpose of this classification was to provide a scheme whereby the legislature could legislate for municipalities by passing general laws and nevertheless meet the particular problems peculiar to each type of city. In effect, classification was a compromise between the evils of complete regulation of city affairs by the legislature through special laws, and the dangers inherent in attempting to embrace all communities, large or small in one general scheme of regulation.
 "The 1894 standards of classification were in effect until 1907, when Article 12, section 2, was amended as follows: cities of the first class were to be those with a population of 175,000 or more; cities of the second class, all those with a population of 50,000 but less than 175,000; cities of the third class, all others. No mechanism was provided by the 1894 constitution or by the 1907 amendment for officially changing the classification of cities as their populations increased. However, the legislature, by statute, provided a method for fixing the time when a third class city became a second class city within the jurisdiction of the Second Class Cities Law.
 "In 1923, Article 12 section 2 was again amended. This time the provisions for the classification of cities were deleted and the section was confined to a statement that the legislature should not pass any special laws relating to the `property, affairs, or government of cities' but should act in relation to such matters only by general laws affecting all cities alike. This new version of section 2 was revised and renumbered by the amendments adopted at the constitutional convention of 1938 and now appears as Article 9, section 11, of the present state constitution, differing little from the 1923 amendment and like it failing to provide for any classification of cities.
 "There is no other section of the constitution which mentions cities of the first, second, or third class, nor any section which defines such classes. Prior to December 31, 1923 there were no statutes defining these classes, for the reason that the constitution provided the necessary definition."
(Footnotes omitted.)